By the Court.
On May 16, 1895, Max Gugenheim obtained from the secretary of state a license to enter upon the business of an itinerant vendor of wearing apparel in the state of Ohio; and pursuant to the statute (91 Ohio Laws, 173) which provides for licensing that occupation, defendant deposited with the secretary of state the sum of five hundred dollars. Thereupon Gugenheim and his partner, Weil, entered upon the business, for conducting which the license was obtained, and conducted it until July 25, 1895, a period of about two months, when on the last named day he executed and delivered to Henry Giershofer & Go., defendant in error, the following instrument:
*240 “Columbus, Ohio, July 29, 1895.
“I, Max M. Gugenheim, o.f the firm of Weil & Gugenheim, do hereby assign the within license to Henry Giershofer & Co. of Cincinnati, Ohio, in payment of debt, and do authorize the said Henry Giershofer & Co. to draw the amount deposited with the secretary of State, as set forth in said license after the expiration of sixty days from date, as authorized by law.
Max M. Gugenheim, of Weil & Gugenheim.
Jacob Weil,
Weil & Gugenheim. ”,
On the third day following they voluntarily surrendered to the secretary of state the license in question. Afterwards 'on August 29th following, the plaintiffs in error obtained a judgment against Weil & Gugenheim, the licensees, for $1,334.98, which judgment was founded on a claim for goods sold to the licensees to be again sold by them in the course of the business which they were conducting under the license. On the day the judgment was recovered the judgment creditors caused an execution to issue thereon which was at once levied on the $500 that had been deposited with the secretary of state when the license was obtained. Prom some other source the sum of $525 on September 1, 1895,. was paid on this judgment, and thereupon the judgment creditors brought an action to have the $500 so deposited with the secretary of state applied in payment of the balance due thereon. Henry Giershofer & Co., to whom the deposit had been assigned by the instrument before set forth, were made parties and set up by way of answer and cross petition a claim to the fund by virtue of that instrument. The as *241 signment is inartificially drawn, but as it discloses that the intention of the parties, was to transfer to Henry Giershofer & Go. the fund in question in payment of a debt it is sufficient to accomplish that purpose and should be deemed to have transferred to the assignee whatever interest the assignors had in the fund. This assignment was made before the execution in question was issued, and even before the judgment itself had been recovered— and thus being prior in time to the claim made under the execution and levy it should prevail unless the plaintiffs in error can show that they had some claim or lien against the deposit to which the assignment at the time it was made was subject. It is at this point that the vital contention between the claimants arose. The plaintiff in error contends that section 9 of the act “to prevent and punish fraud in the sale of wearing apparel, etc.” before referred to, made the deposit subject to their judgment, because that judgment was on a claim for goods sold to the licensees to be by them re-sold in the business they were licensed to conduct. That section reads as follows:
“Section 9. Each deposit made with the secretary of state shall be subject, so long as it remains in his hands, to attachment and execution in behalf of creditors whose claims arise in connection with business done in the state, and to the payment of any and all fines and penalties incurred by the license through violation of this act. Claims under civil process shall be enforced against the secretary of state as garnishee or trustee by action in the usual form, and claims for satisfaction of fines and penalties shall be enforced by the prosecuting attorney serving notice of pendency of *242 action (and judgment when obtained) upon the secretary of state. All claims upon each deposit shall be satisfied after judgment in the order in which notice of the claim is received by the secretary of state, until all such claims are satisfied, or the deposit exhausted;-but notices filed after the expiration of the sixty days’ limit aforesaid shall be valid. No deposits shall be paid over by the secretary of state to licensees so long as there are any outstanding claims or notices of claims against them respectively, unless he shall find that there is unreasonable delay in enforcing the same.”
We think the contention of plaintiff in error cannot be maintained. To afford a remedy to persons who should supply by sale to licensees goods to be used by the latter in their business is not an object contemplated by the act in question. On ■ the contrary, we think the deposit is required for the purpose of protecting such persons as may have claims that arise out of the particular business licensed, that is, out of the business the licensees themselves are- conducting. This construction is strongly supported by the title of the act. Doubtless the statute would include rents of the premises in which the business was conducted, wages of clerks and salesmen, claims for damages growing out of misrepresentation of the quality of the goods sold, etc. If the wholesale dealers or jobbers who furnish such licensees goods for carrying on the business licensed should be deemed to be within the statute, a deposit of only $500 would be wholly inadequate to attain the end intended. That is demonstrated by the fact that in the case before us the aggregate amount of the claims of the two firms now contending over the deposit in question exceed $8,000, or more than sixteen fold greater *243 than the deposit. If the legislature had intended to protect wholesale dealers who furnish goods to the licensees to be sold by them, the deposit required would have been much greater.
The circuit court adopted this view awarded the fund to the firm to which it had been assigned; its judgment will be affirmed. There is no inteñtion to deny to any creditor of a licensee the right to proceed against the deposit of such licensee, but simply to deny to wholesale dealers who sell to licensees goods to be re-sold and to other general creditors of the licensees the protection of a statute that we think is designed to protect a special class of the creditors of such licensees, i. e. those whose claims arise out of the local business conducted by them under the licensees.

Judgment affi/rmed.